```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| JUDITH TRACKWELL, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CV3171 |
| | ) | |
| v. | ) | |
| | ) | |
| B & J PARTNERSHIP, CLAY F. SMITH, WILLIAM D. SMITH, A. JOYCE SMITH, CAPITOL TITLE, HOMESERVICES OF NEBRASKA, CHICAGO TITLE, HOME REAL ESTATE, HOME SERVICES OF AMERICA, F. WARD HOPPE, SUSAN LADUKE, JAMES LAMPHERE, ROBERT MOLINE, MICHAEL TAVLIN, and WOODS BROTHERS REALTY, | ) ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before me is plaintiff's motion for extension of time to respond to the defendants' filing 45 motion to disqualify plaintiff's counsel. Filing 53.

This lawsuit was filed on July 18, 2005. Filing 1. An amended complaint was filed on July 28, 2005, (filing 8), and a second amended complaint filed on July 29, 2005. Filing 9. The plaintiff filed a third amended complaint without leave of the court on August 8, 2005. Filing 17. This filing was stricken. Filing 21. The plaintiff filed a motion for leave to file a third amended complaint on August 9, 2005. Filing 18. On September 1, 2005 she filed a Motion for Leave to File a Corrected Motion to Amend. Filing 30. This motion was granted, and she was given until September 12, 2005 to file her corrected Motion for Leave to File a Third Amended Complaint. Filing 32.

On September 12, 2005 plaintiff filed a motion to stay these proceedings until October 19, 2005 so that the plaintiff could consummate a real estate transaction which would, in turn, decrease the damage claim set forth in her pleadings.  Filing 33.  The defendants responded:

> The sale of the land and Plaintiff's desire to amend her complaint after the closing do not justify staying this entire case.  On the other hand, Defendants have no desire to continue wasting their time responding to multiple motions to amend or guessing what complaint they must eventually answer by what deadline.  Accordingly, Defendants have no objection to an order extending Plaintiff's time to file a revised motion to amend until October 19, 2005, provided that Defendants are given until October 31, 2005, to respond to the second amended complaint if Plaintiff does not move to amend.
>
> In summary, Defendants oppose a complete stay of this case but support an order giving Plaintiff until October 19 to revise her motion to amend and extending Defendants' answer date until October 31 if Plaintiff does not timely file a revised motion.

Filing 34.  The plaintiff's motion to stay was granted in accordance with the defendants' position.  Filing 35.

The plaintiff's motion for leave to file a third amended complaint and to add additional parties was filed on October 19, 2005.  Filing 36.  The defendants were given leave to respond to that motion on or before November 9, 2005.  Filing 41.

On November 9, 2005 the defendants moved to disqualify the plaintiff's counsel.  The defendants claim plaintiff's counsel is a necessary witness in this case because she was intimately involved in the events and transactions central to the claims raised in plaintiff's proposed third amended complaint, and that

2

the past pattern of bad faith and abusive conduct by plaintiff's counsel in this and related litigation make disqualification an appropriate sanction.  Filing 43.

Upon the unopposed motion of plaintiff's counsel, she was given until November 29, 2005 to respond to the motion to disqualify.  Filings 46, 47, and 48.  On November 29, 2005, plaintiff's counsel filed a second motion to extend the deadline, and was given leave to file her response on or before December 6, 2005.  Filings 49 and 50.  On December 6, 2005 the court entered an order requiring the plaintiff's response to be delivered to the clerk's office for filing under seal.  Filing 52.

At approximately 7:00 p.m. on December 6, 2005, plaintiff's counsel filed the pending motion for continuance.  Filing 53. Her current motion requests an additional seven days to file a brief and evidence in response to the defendant's motion to disqualify.  Plaintiff's counsel claims she needs additional time to obtain third party consents to disclose relevant evidence currently protected from disclosure by written confidentiality agreements.  Filing 53.  Her motion states she initially requested this consent on November 23, 2005.  Her motion for additional time filed on November 29, 2005, filing 49, does not mention any need to seek third party consent for disclosure of evidence.  Her current motion, filing 53, does not state that the third parties have ever consented to disclosure, but the motion does state that plaintiff's counsel has requested written verification of the third parties' consent to disclosure on or before December 13, 2005.

3

The defendants object to this motion for extension of time. Filing 54.  The defendants claim the plaintiff is attempting to secure consent to disclose documents related to the October 18, 2005 sale of the property at issue in this litigation, that she has had access to these documents for nearly two months, and that while these documents may be relevant to the subject matter of the lawsuit, "[d]ocuments relating to the October sale of the property are of dubious relevance to the motion to disqualify." Filing 54 at p. 3.  The defendants argue:

> The motion to disqualify turns on actions which occurred either before or shortly after Plaintiff filed suit in July, 2005.  Documents relating to the sale of the property in October do not appear relevant to these issues.  The sale documents are relevant to the substance of the lawsuit on the question of damages, which leaves one to wonder how Plaintiff intends to prosecute this case if she cannot disclose this evidence.

Filing 54 at p. 3.

This case has been on file for nearly five months, and as of this time, a scheduling order for case progression has not and cannot be entered.  The plaintiff's motion for leave to file a third amended complaint and to add additional defendants remains pending.  The defendants have yet to file an answer or responsive motion to the plaintiff's second amended complaint because, before the defendants' response deadline arrived, the plaintiff began a series of filings related to her proposed third amended complaint.  The plaintiff's proposed third amended complaint seeks to add additional defendants and, accordingly, the identity of all the parties remains unknown at this time.  Finally, in

4

light of the motion to disqualify, the identity of plaintiff's counsel is at issue.

Plaintiff's counsel has an obligation to this court and the parties to pursue this litigation in a conscientious, timely, and efficient manner.  This obligation requires investigating the facts before pursuing the litigation, making reasonable efforts to identify the claims to be pursued and the defendants to be named before the suit is ever filed, and assuring that no reasonably foreseeable conflicts of interest will preclude counsel from representing the plaintiff in the proposed litigation.  From the court's file herein, it appears the scope and objectives of the plaintiff's claims have been continuously re-shaped during the pendency of this lawsuit such that now, nearly five months after the case was filed, the court must consider whether plaintiff's counsel is a potential witness with respect to the claims raised by the proposed third amended complaint, and should therefore be disqualified from representing the plaintiff.

Plaintiff's counsel has not sufficiently shown a basis for receiving additional time to respond to the motion to disqualify. Other than conclusory statements set forth in her motion, she has failed to show how the confidential evidence she wants to file in this court may affect the outcome of the defendants' motion to disqualify, or even as to what issue this evidence may be relevant; and she has failed to make any showing that those third parties controlling its release and dissemination have or will consent to disclosure and filing with this court.  However, although I conclude that the requested seven-day extension is excessive under the circumstances, I also conclude that

plaintiff's counsel should be given leave to immediately file her response.

    IT THEREFORE HEREBY IS ORDERED:

1. Plaintiff's motion for a seven-day continuance of the deadline for responding to the motion to disqualify, filing 53, is denied.

2. On or before 4:00 p.m. on December 8, 2005, plaintiff's counsel shall submit her brief and evidence in response to defendants' motion to disqualify to the clerk's office for filing herein.

3. The clerk's office shall file the brief and evidence submitted by plaintiff's counsel in response to defendants' motion to disqualify under seal.

DATED this 7th day of December, 2005.

                      BY THE COURT:

                      s/ *David L. Piester*
                      David L. Piester
                      United States Magistrate Judge