THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUDITH TRACKWELL, | ) | 4:05CV3171 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| B & J PARTNERSHIP, LTD., | ) | |
| CLAY F. SMITH, WILLIAM D. | ) | |
| SMITH, A. JOYCE SMITH, HOME | ) | |
| SERVICES OF NEBRASKA, INC., | ) | |
| and CAPITOL TITLE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to 28 U.S.C. § 636(b)(1)(A) and NECivR 72.2, Mary C. Wickenkamp, former counsel for the plaintiff, has filed an appeal (filing 113) from the Magistrate Judge's orders (filings 81 & 105) requiring her to pay a total of $33,631[1] in attorney fees to the defendants for costs incurred in filing the defendants' motion[2] (filing 43) to disqualify Ms. Wickenkamp as the plaintiff's counsel in this case. In her appeal, Ms. Wickenkamp argues that the Magistrate Judge lacked jurisdiction and authority to impose such a sanction, failed to provide her adequate notice prior to imposition

---

[1] Magistrate Judge Piester ordered Wickenkamp to pay, through counsel, $22,769 to defendants B & J Partnership, Ltd., Clay F. Smith, William D. Smith, and A. Joyce Smith, and $10,862 to defendant HomeServices of Nebraska, Inc.

[2] The defendants' Motion to Disqualify Plaintiff's Counsel requested disqualification as "an appropriate sanction" for Wickenkamp's "past pattern of bad faith and abusive misconduct in this and related litigation." (Filing 43.) The motion also requested "that the Court award Defendants their costs and attorneys' fees incurred in bringing this Motion."

of the sanction, failed to allow her enough time[3] to respond to the Defendants' allegations, and failed to set an evidentiary hearing. (Filing 113.)

The court's review[4] of the order to which Ms. Wickenkamp objects makes it clear that her appeal should be denied because the Magistrate Judge's order is not "clearly erroneous or contrary to law" for the reasons thoroughly and clearly explained in the Magistrate Judge's order. 28 U.S.C. § 636(b)(1)(A); NECivR 72.2.

Specifically, Ms. Wickenkamp knew that the defendants were requesting sanctions and attorney fees and costs incurred in bringing the motion to disqualify from the date the motion to disqualify was filed, November 9, 2005. (Filing 43 (specifically requesting "sanction" for misconduct and "costs and attorneys' fees incurred in bringing this Motion").) The Magistrate Judge gave Ms. Wickenkamp repeated extensions of time to respond to the defendants' motion to disqualify and to the defendants' subsequent fee application. Ms. Wickenkamp did not request a hearing on either motion, despite the fact that Magistrate Judge Piester specifically offered the parties an opportunity for hearing on the defendants' application for attorney fees (filing 81, at 58). See Filing 48 (granting Wickenkamp extension of time to respond to motion to disqualify); Filing 50 (same); Filing 55 (denying Wickenkamp seven-day extension, but granting one-day extension); Filing 73 (granting Wickenkamp's request to reply to defendants' reply in support of motion to disqualify); Filing 81, at 5-6 (Magistrate Judge Piester's order noting lack of hearing request); Filing 101 (granting Wickenkamp extension of time to respond to

---

[3]Ms. Wickenkamp's appeal actually states that the "magistrate erred in allowing Plaintiff and Wickenkamp sufficient time to respond to the allegations asserted by Defendants." (Filing 113 (emphasis added).) I presume Ms. Wickenkamp meant to say "insufficient time."

[4]To the extent the appropriate standard of review is de novo, I have conducted a de novo review.

defendants' fee application); Filing 104 (Response of Wickenkamp Regarding Attorney Fee Determination; no hearing requested); Filing 105 (accepting Wickenkamp's response to defendants' fee application out of time).

Thus, Ms. Wickenkamp cannot now complain that she lacked "notice prior to the imposition of sanctions," lacked "sufficient time to respond to the allegations asserted by Defendants," or that Magistrate Judge Piester erred in "failing to allow an evidentiary hearing regarding the specific allegations of misconduct" against her. (Filing 113, Wickenkamp's Appeal.)

Finally, as painstakingly analyzed in the memorandum supporting his order, Magistrate Judge Piester had the authority to order Ms. Wickenkamp to pay the defendants, through counsel, attorney fees for services rendered "directly related to [her] sanctionable conduct." (Filing 81, at 39-57.)

Accordingly, I shall deny Ms. Wickenkamp's appeal.

IT IS ORDERED:

1.  The Magistrate Judge's orders (filings 81 & 105) shall not be disturbed and are hereby sustained;

2.  The appeal filed by Ms. Wickenkamp (filing 113) from the Magistrate Judge's orders is denied;

3.  By separate document, judgment shall be entered in favor of the defendants and against Mary C. Wickenkamp personally, to wit: Ms. Wickenkamp shall pay, through counsel, $22,769 to defendants B & J Partnership, Ltd., Clay F. Smith, William D. Smith, and A. Joyce Smith, and $10,862 to defendant HomeServices of Nebraska, Inc.; and

4. The Clerk of the United States District Court for the District of Nebraska should note that the above-described judgment is to be entered against Mary. C. Wickenkamp personally does not close this case, as Plaintiff now has substitute counsel and this matter shall proceed in due course.

November 16, 2006.

> BY THE COURT:
> s/ *Richard G. Kopf*
> United States District Judge