THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUDITH TRACKWELL, | ) | 4:05CV3171 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| B & J PARTNERSHIP, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on Plaintiff's Motion to Dismiss With Prejudice (filing 159) and the parties' Stipulated Motion for Dismissal With Prejudice (filing 164). The motions state that the parties have reached a settlement of all claims alleged herein, with the exception of issues related to the court's judgment dated November 16, 2006, (filing 137) entered in favor of defendant B & J Partnership, Ltd., and former defendant HomeServices of Nebraska, Inc., and against Plaintiff's former attorney in this matter, Mary Wickenkamp, personally.[1]

Ms. Wickenkamp has filed a rather incomprehensible "Special Appearance & Notice of Objection" (filing 165) to the parties' proposed settlement, stating that "the settlement amount in this case included an offset of $30,000 by the Plaintiff to settle a threatened lawsuit . . . between Judith Trackwell and Wickenkamp," causing defendant B & J Partnership, Ltd., to "effectively receive a double recovery." (Filing 165.)

Ms. Wickenkamp has no standing to object to the parties' settlement. Even if she did, Defendant's counsel has filed a Declaration establishing the inaccuracy of Wickenkamp's description of the parties' settlement:

---

[1] Ms. Wickenkamp withdrew as Plaintiff's attorney in February 2006. (Filings 73 & 75.)

> The settlement did not involve any sort of "offset" for the sanctions against Mary Wickenkamp. Trackwell received a cash payment in exchange for her release of the Defendants and former Defendants. The amount of the settlement is confidential, but the other terms are not. The Defendants and former Defendants preserved all rights to collect the personal sanctions judgment from Wickenkamp. Plaintiff demanded and received a written assurance that the Defendants would not attempt to collect the sanctions from Trackwell's own assets. The amount of the settlement was in no way offset or reduced by or contingent upon, the sanctions against Wickenkamp.

(Filing 167-2, Decl. Andrew D. Strotman ¶ 3.)

Therefore, I shall grant the parties' motions to dismiss with prejudice (filings 159 & 164), enter judgment accordingly, and deny all pending motions and objections.

IT IS ORDERED:

1. Plaintiff's Motion to Dismiss With Prejudice (filing 159) and the parties' Stipulated Motion for Dismissal With Prejudice (filing 164) are granted;

2. Judgment shall be entered by separate document dismissing this case with prejudice, but retaining the court's jurisdiction over proceedings related to the court's judgment dated November 16, 2006, (filing 137) entered in favor of defendant B & J Partnership, Ltd., and former defendant HomeServices of Nebraska, Inc., and against Plaintiff's former attorney in this matter, Mary Wickenkamp, personally;

3. The "Special Appearance & Notice of Objection" (filing 165) filed by Mary Wickenkamp is denied; and

4. The Motion to Withdraw (filing 169) filed by Plaintiff's counsel, Theresa M. Siglar, is denied as moot.

April 11, 2007.

                              BY THE COURT:
                              s/ *Richard G. Kopf*
                              United States District Judge