IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUDITH TRACKWELL, | ) | |
| | ) | 4:05CV3171 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| B & J PARTNERSHIP, Ltd., | ) | |
| | ) | |
| Defendant. | ) | |

A telephonic conference was held today regarding the following motions:

- B & J Partnership's motion to compel; (filing no. 197);

- B & J Partnership's motion to serve additional discovery regarding Ms. Wickenkamp's medical conditions; (filing no. 212);

- Ms. Wickenkamp's motions to file sealed or restricted access documents; (filing nos. 213, 219, and 223); and

- Ms. Wickenkamp's motion to continue her deadline for responding to B & J's motion to compel, (filing no. 215);

- Ms. Wickenkamp's motion for appointment of counsel, (filing no. 222).

**Motion for Appointment of Counsel**
(filing no. 222)

At the hearing, the court initially addressed Ms. Wickenkamp's motion for appointment of counsel. Ms. Wickekamp acknowledged on the record that she had fully submitted her arguments and evidence to the court for consideration of this motion and she had nothing additional to offer. Ms. Wickenkamp claims she needs appointed counsel because she is indigent, and due to chronic obstructive pulmonary disease (COPD), she has difficulty with stamina and speaking.

There is no constitutional or statutory right to appointment of counsel for an indigent litigant in a civil case. 28 U.S.C. 1915(d) allows the court to "request an attorney" to represent any person unable to employ counsel, but the decision is left to the court's discretion.

As explained during the hearing, the court acknowledges Ms. Wickenkamp has physical difficulties, and may lack stamina, but the discovery at issue was served by B & J nearly five months ago. Ms. Wickenkamp provided written discovery responses on August 19, 2010, but B & J contends those responses are incomplete and filed a motion to compel on September 28, 2010. Filing No. 197. Ms. Wickenkamp has not yet responded to B & J's motion to compel, but has filed two motions to continue her deadline for responding. Filing Nos. 205 and 215. She has also filed a Rule 60(b) motion to vacate the judgment. Filing No. 201.

The court notes Ms. Wickenkamp's limitations when engaging in verbal hearings, but based on her numerous and lengthy filings in response to the pending motion to compel and in favor of her own motions, Ms. Wickenkamp remains able to communicate with the court in writing–the primary mode all parties use to present issues for resolution by this forum in civil cases. In other words, Ms. Wickenkamp remains able to investigate the facts and provide a written response to B & J Partnership's written discovery requests and motion to compel.

Ms. Wickenkamp explains counsel would greatly assist her because, without counsel, she must rely on the U.S. Mail. She claims mail delivery to her area takes 5 to 7 days, she does not obtain prompt notice of filings, and she cannot promptly respond without using FedEx, a service she cannot afford. The court notes Ms. Wickenkamp has access to a facsimile machine. She was able to fax a letter to the court on November 2, 2010 in

preparation for today's hearing. To alleviate her concerns with delayed notice and responses, Ms. Wickenkamp agreed to receive all court orders and all documents served or filed by B & J by facsimile, followed by personal mail of all documents faxed. If Ms. Wickenkamp needs to file something of record, she was instructed to fax it to the chambers of the undersigned for delivery to the clerk's office for filing. The purpose of permitting this concession <u>in this particular case only</u> is to deter Ms. Wickenkamp's future need to file motions for additional time due to slow mail service.

The matter now pending against Ms. Wickenkamp is not a criminal action but rather, in essence, a collection action. The underlying merits of this case are no longer at issue and the case is not complex. Ms. Wickenkamp has provided no evidence of her attempts, if any, to obtain counsel representation, and there is nothing to indicate appointed counsel will lead to a more just determination of this case. Based on the foregoing analysis, and Ms. Wickenkamp's lack of evidence demonstrating any real need for appointed counsel, her request for counsel appointment will be denied. See Steven v. Redwing, 146 F.3d 538 (8th Cir. 1998); Hodge v. Police Officers, 802 F.2d 58 (2d. Cir. 1986) .

### Motions to Seal/File as Restricted Access Documents
(filing nos. 213, 219, and 223)

Ms. Wickenkamp has moved to file briefs, motions, and evidence under seal or as restricted access documents. The documents at issue contain information regarding Ms. Wickenkamp's financial status and health, both of which she has placed at issue in when requesting additional time, the appointment of counsel, and relief from judgment under Rule 60(b). The documents do not include information protected from disclosure under the E-Government Act, 44 U.S.C.A. § 3501, as applied to the courts by Rule 5.2 of the Federal Rules of Civil Procedure. Ms. Wickenkamp's motions to seal will be denied.

### Motion to Continue the Deadline to Respond to Motion to Compel
(filing no. 215)

Ms. Wickenkamp stated she could provide a full and complete response to either B & J's motion to compel, or its written discovery on or before November 11, 2010.[1]  Based on this representation, the motion to continue is granted.  However, no further continuances will be allowed.

### B & J Partnership's Motion to Serve Additional Discovery Requests
(filing no. 212)

B & J seeks leave to serve written discovery regarding Ms. Wickenkamp's medical conditions.  Ms. Wickenkamp's medical condition has been placed at issue in this case; she asserts she is unable to pay the attorney fees awarded to B & J because of COPD.  Ms. Wickenkamp has filed a claim for social security disability benefits and with that, has received a medical evaluation.  Her social security claim documentation would have included her prepared listing of all medical providers seen for any disability claimed.

Ms. Wickenkamp has agreed to sign medical authorizations for records, and B & J agreed to use medical authorizations to collect Ms. Wickenkamp's records in lieu of awaiting Ms. Wickenkamp's collection of the records and her payment of any associated costs.

Based on the representations during the hearing, B & J's motion to serve additional discovery regarding Ms. Wickenkamp's medical condition will be granted.

---

[1] The deadline was set for November 12, 2010 in the court's order;  November 11, 2010 is a federal holiday.

Accordingly,

IT IS ORDERED:

1) Mary Wickenkamp's motion for appointment of counsel, (filing no. 222), is denied.

2) Mary Wickenkamp's motions to file under seal or as restricted access documents, (filing nos. 213, 219, and 223), are denied.

3) Mary Wickenkamp's motion to continue the deadline to respond to motion to compel, (filing no. 215), is granted, and she shall provide a full and complete response to either B & J's motion to compel, or its written discovery on or before November 12, 2010.

4) B & J Partnership's motion to serve additional discovery requests, (filing no. 212), is granted as follows:

   a. B & J's additional discovery requests shall be served on or before November 12, 2010, and

   b. Mary Wickenkamp shall respond to those requests on or before November 30, 2010.

DATED this 4th day of November, 2010.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.