IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUDITH TRACKWELL, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CV3171 |
| | ) | |
| v. | ) | |
| | ) | |
| B & J PARTNERSHIP, Ltd., et al., | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MARY C. WICKENKAMP, | ) | |
| | ) | |
| Judgment-Debtor. | ) | |
| | ) | |

On November 16, 2006, this court entered judgment against Mary C. Wickenkamp personally, ordering her to pay $22,769 in sanctions for litigation misconduct to defendants B & J Partnership, Ltd., Clay F. Smith, William D. Smith, and A. Joyce Smith, and $10,862 to defendant HomeServices of Nebraska, Inc.[1] (Filing 137.) All defendants have assigned their right and interest in the sanctions to Cline Williams law firm, which represented defendant B & J Partnership, Ltd., in the underlying litigation. Ms. Wickenkamp appealed this sanctions judgment (filing 139), but the appeal was dismissed for failure to prosecute due to Wickenkamp's failure to file a brief after an extension had been granted (filings 172 & 173).

---

[1]This court specifically retained jurisdiction over proceedings related to the November 16, 2006, judgment against Wickenkamp (filing 171).

Due to Wickenkamp's failure to pay any part of the sanctions, Cline Williams filed a motion to hold Wickenkamp in contempt on May 21, 2010 (filing 183). The matter has been pending since that time due to the flurry of motions to seal (filings 188, 213, 219), to unseal (filing 193), to restrict (filing 223), to appoint counsel (filing 222), for extensions of time (filings 190, 205, 215), to make written—as opposed to electronic—showings (filing 189), to compel (filing 197), to serve additional discovery requests (filing 212), to serve subpoenas (filing 229), to continue (filing 210), to stay discovery (filing 231), and now Wickenkamp's motion to vacate judgment pursuant to Fed. R. Civ. P. 60(b)(6)[2] (filing 201) and her objection to the magistrate judge's orders regarding a multitude of motions (filing 230).

---

[2]Federal Rule of Civil Procedure 60(b) provides:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

**(1)**    mistake, inadvertence, surprise, or excusable neglect;

**(2)**    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)**    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)**    the judgment is void;

**(5)**    the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)**    any other reason that justifies relief.

2

**Fed. R. Civ. P. 60(b)(6) Motion**

Wickenkamp moves to vacate the sanctions judgment against her because she "has no reasonable expectation of being able to comply with said sanction judgment" due to "her present financial, employment and health circumstances" and because the sanctions judgment violates the Eighth Amendment.  (Filing 201.)

"Relief under Rule 60(b) is an extraordinary remedy that lies within the discretion of the trial court."  *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004).

> For the most part, cases brought under clause (6) are attempts to avoid either the one-year limit in other clauses of Rule 60(b) or time restrictions for other types of post-trial review imposed in other rules. Courts have found extraordinary circumstances justifying relief, beyond the one-year requirement of the earlier clauses of the rule, in a limited number of cases.  These have included, for example, cases in which there was inaction by the government and unusual delays by the courts, and when there is a strong public interest in the case and conduct of the parties is egregious.  But relief often has been denied on the ground that an insufficient showing of extraordinary circumstances has been made.

Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 11 *Federal Practice & Procedure* § 2864, *available at* Westlaw FPP § 2864 (current through 2010 update) (footnotes omitted).

"Relief under [Fed. R. Civ. P. 60(b)(6)] is exceedingly rare as relief requires an intrusion into the sanctity of a final judgment.  Exceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at.  Rather, exceptional circumstances are relevant only where they bar adequate redress." *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 496 F.3d 863, 868 (8th Cir. 2007)

(internal citations and quotations omitted).  Specifically, relief under Rule 60(b)(6) is available "only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim." *Murphy v. Missouri Dept. of Corrections*, 506 F.3d 1111, 1117 (8th Cir. 2007) (internal citation and quotation omitted).

Wickenkamp has made an insufficient showing that exceptional circumstances denied her a full and fair opportunity to defend the motion for sanctions which gave rise to the judgment and that such circumstances prevented her from obtaining "adequate redress."  As the docket sheet for this case confirms, Wickenkamp thoroughly defended herself at every stage of the sanctions litigation.[3]  Wickenkamp is not entitled to relief from the sanctions judgment merely because she will be subject to unfavorable consequences as a result.  This is particularly true since Wickenkamp abandoned her appeal to the Eighth Circuit Court of Appeals from the sanctions judgment.  *Hunter*, 362 F.3d at 475 (Fed. R. Civ. P. 60(b)(6) motion may not be used "as a substitute for a timely appeal"); *Chambers v. Armontrout*, 16 F.3d 257, 261 (8th Cir. 1994) (absent extraordinary circumstances, Rule 60(b)(6) motions "cannot be used to remedy a failure to take an appeal").

Wickenkamp next asserts that the sanctions judgment "violates the excessive fines clause of the Eighth Amendment."  Because the Eighth Amendment is inapplicable here, it cannot be used as a basis for Wickenkamp's Fed. R. Civ. P. 60(b)(6) motion.  *See Browning-Ferris Industries of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257 (1989) (Excessive Fines Clause of Eighth Amendment does not apply to awards of punitive damages in cases between private parties; noting that "our concerns in applying the Eighth Amendment have been with criminal process and

---

[3]For evidence of Wickenkamp's active participation in the sanctions litigation prior to issuance of the November 16, 2006, judgment, and the court's facilitation of such participation, see Filings 43, 46, 48, 49, 50, 53, 55, 56, 57, 68, 73, 74, 86, 87, 100, 101, 104, 105, 112, 113, 114, 116, 119, 131, 132, 133.

with direct actions initiated by government to inflict punishment" and "we now decide only that [the Excessive Fines Clause] does not constrain an award of money damages in a civil suit when the government neither has prosecuted the action nor has any right to receive a share of damages awarded" ).

## Objections to Magistrate Judge's Orders

Wickenkamp has also filed objections (filing 230) to portions of Magistrate Judge Zwart's memorandum and order dated November 4, 2010 (filing 228). These objections shall be denied.

Wickenkamp first argues that the court lost jurisdiction over her when her license to practice law was suspended by the Nebraska Supreme Court and when her membership in the United States District Court for the District of Nebraska was revoked. (Filing 230 at CM/ECF 2.) Specifically, she asserts that because her membership in this court was revoked during her appeal of the sanctions judgment to the Eighth Circuit Court of Appeals, that judgment never became "final," and is therefore void and unenforceable under Fed. R. Civ. P. 60(b)(4).

This objection shall be denied, not only because it is not an objection to any part of the magistrate judge's order, *see* NECivR 72.2(a), but because this court retains jurisdiction to deal with matters collateral to the underlying case, such as attorney's fees, costs, and sanctions.[4] *See, e.g., Covanta Onondaga Ltd. v. Onondaga County Resource Recovery Agency*, 318 F.3d 392, 396 (2nd Cir. 2003) ("a court that has concluded its adjudication of the merits of a case within its jurisdiction by entering a final judgment retains authority to take action with respect to some collateral matters related to the case, such as attorney's fees and costs and sanctions"

---

[4]Wickenkamp does not contend that this court lacked jurisdiction over her at the time it entered the sanctions judgment.

5

(internal citations omitted)); *Comcast of IL X v. Multi-Vision Electronics, Inc.*, 504 F. Supp. 2d 740, 746 (D. Neb. 2007) ("because sanctions are collateral to the merits of the case, sanctions may properly be considered by the district court even when the merits are no longer before it"); *Samsung Electronics Co., Ltd. v. Rambus, Inc.*, 440 F. Supp. 2d 512, 521 (E.D. Va. 2006) (whether imposed under Rule 11, contempt, the inherent powers of the court, or statute, sanction proceedings present collateral issues as to which district court retains jurisdiction, notwithstanding dismissal of underlying case which gave court jurisdiction). Further, and as previously noted, this court expressly retained jurisdiction over proceedings related to the November 16, 2006, judgment against Wickenkamp (filing 171).

Wickenkamp next objects to the magistrate judge's failure to appoint counsel when she suffers from a health problem that prevents her from "communicating adequately with the court." (Filing 230 at CM/ECF 3.) The transcript of the hearing that preceded the order to which Wickenkamp objects shows that Magistrate Judge Zwart thoroughly, and on the record, considered several factors that should be considered in determining whether to appoint counsel. (Filing 236, Tr. 3:21-8:25.) It is obvious simply by reviewing the docket sheet in this case that Ms. Wickenkamp most definitely has no difficulty "communicating adequately with the court." As found by Magistrate Judge Zwart, this is not a complex matter, Wickenkamp has demonstrated her ability to present the facts and her arguments in written format, the merits of the sanction judgment are not in dispute, and there is nothing to indicate that appointment counsel would yield a more just result. This objection is denied.

Wickenkamp's last objection is that the magistrate judge demonstrated "judicial bias" when (1) the judge failed to "take action" after an "outrageously inappropriate" remark by opposing counsel that "Ms. Wickenkamp should be in jail" and (2) the judge "already reached conclusions about the motions" prior to the hearing, the judge was "confrontive" about answers to interrogatories, and the judge "criticized" Wickenkamp for not listing stocks or bonds in answering interrogatories

6

when Wickenkamp did not own such assets.  (Filing 230 at CM/ECF pp. 4-6.)

First, the transcript of the hearing reveals that opposing counsel, Andrew Strotman, actually stated, "No one's suggesting Ms. Wickenkamp should be put in jail as a sanction." (Filing 236, Tr. 20-21.)  Obviously, no "action" by the magistrate judge was necessary in response to this remark.  Second, the transcript of the proceedings before Magistrate Judge Zwart shows thorough, specific, and relevant questioning of Wickenkamp tempered by a concern for her physical limitations caused by her health problems.[5]  There is nothing in the transcript indicating "judicial bias" such that Wickenkamp was denied "her right to due process and equal protection."  (Filing 230, CM/ECF 4 & 6.)  Therefore, this objection shall also be denied.

IT IS ORDERED:

1.    The Rule 60(b)(6) Motion to Vacate Judgment (filing 201) filed by Mary Wickenkamp is denied;

2.    The Objection to Magistrate's Order (filing 230) filed by Mary Wickenkamp is denied.

---

[5]For example, mindful of Wickenkamp's difficulty in speaking, Magistrate Judge Zwart "had hoped that we could get much of this done without having to do it on the telephone, but as the record would indicate[,] it seems like what we tend to have is a continuing series of motions to continue, and nothing gets to the point of resolution. Which is why we're having anything done verbally at all is to try to get something done." (Filing 236, Tr. 7:1-8.)

DATED this 24th day of November, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

8