IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUDITH TRACKWELL, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CV3171 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| B & J PARTNERSHIP, Ltd., | ) | |
| | ) | |
| Defendant. | ) | |

The following motions are pending before me:

- The Motion to Compel, (filing no. 197), filed by B & J Partnership; and

- The Motion to Stay Discovery Proceedings, (filing no. 231), filed by Mary C. Wickenkamp.

Ms. Wickenkamp's motion to stay discovery requests that "all discovery proceedings including discovery motions before the court, subpoenas, depositions, interrogatories and any other request for discovery" be stayed pending a ruling on her Motion to Vacate Judgment Pursuant to Rule 60(b)(6), (filing no. 201), and her Objection to Magistrate Judge's Order, (filing no. 230), and if the court denies this requested stay, that she be afforded "a sufficient opportunity to file an appeal of said ruling with the Court of Appeals." Filing No. 231. Judge Kopf has now ruled on Ms. Wickenkamp's Rule 60(b)(6) motion and her objections to the magistrate judge's ruling. See filing no. 237. The undersigned magistrate judge entered no orders regarding discovery or imposing discovery deadlines while the Rule 60(b)(6) motion and the objections to magistrate judge rulings were pending before Judge Kopf. Thus, Ms. Wickenkamp received the relief she requested in her motion to stay. Accordingly, Ms. Wickenkamp's motion to stay will be denied as moot, and there is no basis, in law or in fact, for permitting an interlocutory appeal on the denial of the motion.

A hearing was held on the motion to compel on November 4, 2011. During the course of that hearing, the parties and court discussed Ms. Wickenkamp's discovery responses.

Ms. Wickenkamp's responses to B & J Partnership's written discovery included the following objections:

INTERROGATORY NO. 14: Identify each and every checking account, savings account, and bank account of any kind which you or any trust referenced in your answer to Interrogatory Nos. 6 have owned (jointly or otherwise) or have had a right of withdrawal with respect to at any time from November 16, 2006 to the present. With respect to each account identified, state your ownership interest in the same, the name and address of the bank or financial institution at which the account is held, and the amount of funds currently held in such account.

ANSWER: Object to this interrogatory for the reason that it calls for information relating to an attorney trust account and which therefore may include information that is subject to the attorney client privilege.

REQUEST NO. 4: All documents generated at any time during the period spanning November 16, 2006 to the present, which relate to each checking account, savings account, and bank account referenced in your answer to Interrogatory No. 14 served simultaneously herewith, including but not limited to, all account agreements, account statements, and correspondence.

RESPONSE: Object to this request as overbroad and beyond scope of discovery. In addition, to the extent that this request relates to any Attorney Trust account, this request calls for documents which are protected by the attorney client privilege. Notwithstanding such objection, I do not have any such documents in my possession for the reasons set forth in the affidavit attached in response to Interrogatory No. 5.

REQUEST NO. 13: Copies of each and every check or wire transfer in excess of $500.00 drawn on any of the accounts referenced in your response to Interrogatory No. 14 served simultaneously herewith at any time after November 16, 2006.

RESPONSE: Object to this request as calling for documents that are covered by the attorney client privilege in that the documents referenced are likely to be checks written on from my attorney trust account and I believe would reference either payments on behalf of clients or monies being returned to clients. Notwithstanding that objection and without waiving such objection, I do not have any such records or documents in my custody or control.

REQUEST NO. 14: Copies of each and every deposit slip and deposit item evidencing a deposit in excess of $500.00 into any of the accounts referenced in your response to Interrogatory No. 14, which was made at any time after November 16, 2006.

RESPONSE: Object to this request as calling for documents that are covered by the attorney client privilege in that the documents referenced are likely to be deposits to my attorney trust account and I believe would reference payments on behalf of clients or monies held for clients. Notwithstanding that objection and without waiving such objection, I do not have any such records or documents in my custody or control.

Ms. Wickenkamp has not raised an objection to any of the remaining interrogatories and production requests. However, her interrogatory answers are not signed under oath as required under Rule 33 of the Federal Rules of Civil Procedure. Moreover, as to some of the discovery, her responses do not appear to provide information for the full time frame requested, and if she is withholding documents on the basis of privilege, she has failed to comply with Rule 26(b)(5)(A). Upon review of Ms. Wickenkamp's discovery responses, and in accordance with the representations made during the November 10, 2010 hearing,

IT IS ORDERED:

1) Ms. Wickenkamp's Motion to Stay Discovery Proceedings, (filing no. 231), is denied.

2) On or before December 8, 2010:

   a. As to all interrogatories for which no objection was raised at the time of answering the discovery, Ms. Wickenkamp shall provide a full and complete response, signed by her and attesting under oath that all responsive information has been provided, and that all information provided is true.

   b. As to all requests for production for which no objection was raised at the time of responding, Ms. Wickenkamp shall provide a full and complete response, signed by her and attesting under oath that all responsive documents have been provided.

    c.      If Ms. Wickenkamp is no longer standing on any objections raised at the time of answering or responding to discovery, she must fully answer or respond to such discovery requests under oath in accordance with paragraphs (a) and (b) above.

    d.      As to any interrogatories or production requests to which Ms. Wickenkamp has objected and continues to object, she shall file her opposition to the motion to compel, and

        i.      If she has asserted an objection or the attorney-client privilege in response to an interrogatory, she shall submit the evidentiary and legal support for that objection in accordance with the law and rules of this court.

        ii.     If she has asserted an objection or the attorney-client privilege in response to a document production request, but has no responsive documents, she shall state so under oath.

        iii.    If any document is withheld from production or disclosure on the grounds of attorney-client privilege, she shall, for each document withheld, disclose a description of the document with as much specificity as is practicable without disclosing its contents, including:

           (a)    the general nature of the document;
           (b)    the identity and position of its author;
           (c)    the date it was written;
           (d)    the identity and position of its addressee;
           (e)    the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them;
           (f)    the document's present location and the identity and position of its custodian; and
           (g)    the specific reason or reasons why it has been withheld from production or disclosure.

DATED this 29th day of November, 2010.

                              BY THE COURT:

                              *s/ Cheryl R. Zwart*
                              United States Magistrate Judge