IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUDITH TRACKWELL, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CV3171 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| B & J PARTNERSHIP, Ltd., | ) | |
| | ) | |
| Defendant. | ) | |

    Pending before me is the motion to stay filed by plaintiff's former counsel, Mary Wickenkamp, (filing no. 242), and Cline Williams' motion to compel, (filing no. 197), and motion for leave to serve subpoenas, (filing no. 229). This court sanctioned Ms. Wickenkamp for her conduct in representing the plaintiff on November 16, 2006, and a judgment was entered in the case on April 17, 2007. Ms. Wickenkamp moved to vacate that judgment. (Filing No. 201). The motion to vacate was denied. (Filing No. 237). She has appealed that ruling. (Filing No. 240). She now moves for an order staying all proceedings in this forum for collection on the judgment pending a ruling by the Eighth Circuit on the denial of her motion to vacate. (Filing No. 242).

    To assist in its judgment collection efforts, Cline Williams has filed a motion to subpoena bank records, (filing no. 229), and to compel complete responses to written discovery served on Ms. Wickenkamp. The interrogatories and production requests at issue are aimed at determining the location and extent of Ms. Wickenkamp's assets since the date the sanctions order was entered, (filing no. 197).

    For the reasons discussed below, Ms. Wickenkamp's motion to stay will be denied, and Cline Williams' discovery motions will be granted.

PROCEDURAL HISTORY

On November 16, 2006, this court entered an order sanctioning Ms. Wickenkamp and requiring her to pay $22,769 to defendants B & J Partnership, Ltd., Clay F. Smith, William D. Smith, and A. Joyce Smith, and $10,862 to defendant HomeServices of Nebraska, Inc. for her inappropriate and abusive actions in representing the plaintiff in this case. (Filing No. 137). Ms. Wickenkamp filed a notice to appeal the judgment of sanctions, (filing no. 146), but filed no appellate brief. The Eighth Circuit dismissed her appeal for want of prosecution. (Filing No. 172). The defendants later assigned their rights to collect the sanctions judgment against Ms. Wickenkamp to the Cline Williams law firm. (Filing No. 183, ¶ 2).

On May 21, 2010, Cline Williams filed a motion to hold Ms. Wickenkamp in contempt for her willful and inexcusable failure to pay any part of the sanctions. (Filing No. 183). A show cause hearing was initially scheduled for August 2, 2010, but it was cancelled and Ms. Wickenkamp was ordered to respond to all pending discovery requests by August 23, 2010. Judge Zwart was ordered to preside over and supervise the taking of a video deposition of Ms. Wickenkamp. The deposition was to occur after Ms. Wickenkamp had answered Cline Williams' written discovery.

Ms. Wickenkamp served incomplete responses to the written discovery on August 19, 2010. (Filing No. 196). Cline Williams filed a motion to compel. (Filing No. 197). Ms. Wickenkamp then filed a motion to vacate the underlying judgment of sanctions pursuant to Rule 60(b). In support of her Rule 60(b) motion, Ms. Wickenkamp claimed she cannot pay the judgment due to her financial, employment and health circumstances, and allowing the judgment to remain in force would therefore violate the excessive fines clause of the Eighth Amendment. (Filing No. 201). On November 24, 2010, the motion to vacate was denied because Ms. Wickenkamp failed to show she was denied a full and fair opportunity to defend the

motion for sanctions, and the Eighth Amendment is inapplicable to the sanctions award at issue in this case. (Filing No. 237).

Ms. Wickenkamp appealed the denial of her motion to vacate. (Filing No. 240). In her appellate "Statement of Issues," Ms. Wickenkamp argues "the order of the District Court herein dated 11/16/07 [sic] is void and therefore the District Court lacks jurisdictional authority to take any action to regarding [sic] the enforcement of such order." (Filing No. 248).

Ms. Wickenkamp has moved to stay the proceedings in this forum pending a ruling by the Eighth Circuit on the motion to vacate, (filing no. 242), but she did not file a supersedeas bond. Cline Williams opposes the motion to stay.

## LEGAL ANALYSIS

A. **Motion to Stay.**

A stay is an "intrusion into the ordinary processes of administration and judicial review, . . . and accordingly, is not a matter of right, even if irreparable injury might otherwise result." Nken v. Holder, 129 S.Ct. 1749, 1761, 173 L.Ed.2d 550 (2009) (internal citations and quotation marks omitted). The court rules on motions to stay based on the facts and circumstances presented in each particular case. The following factors guide that decision:

(1)  whether the stay applicant has made a strong showing that he [or she] is likely to succeed on the merits;

(2)  whether the applicant will be irreparably injured absent a stay;

(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

(4) where the public interest lies.

Nken, 129 S.Ct. at 1761. The first two factors are the most critical. The mere possibility of relief or possibility of irreparable harm is insufficient. Nken, 129 S.Ct. at 1761. The requesting party has the burden of proving a stay is warranted. Nken, 129 S.Ct. at 1761.

1) <u>Likelihood of Success on the Merits</u>.

In support of her motion to stay, Ms. Wickenkamp argues the November 16, 2006 sanctions order was never finalized because the court lost jurisdiction over her before a judgment was entered. She therefore claims the sanctions judgment is void and unenforceable.

Ms. Wickenkamp moved to withdraw as counsel for the plaintiff on February 8, 2006, her motion was granted, and she withdrew effective February 24, 2006. (Filing Nos. 71, 73, 75). Pursuant to the parties' stipulation for dismissal, judgment was entered between the plaintiff and the defendants on April 11, 2007. However, as to Ms. Wickenkamp, the judgment further provided:

> [T]his court retains its jurisdiction over proceedings related to the court's judgment dated November 16, 2006, (filing no. 137) entered in favor of defendant B & J Partnership, Ltd., and former defendant HomeServices of Nebraska, Inc., and against Plaintiff's former attorney in this matter, Mary Wickenkamp, personally.

Filing No. 171.

Ms. Wickenkamp argues the court could not retain jurisdiction over her "personally" because it had no such jurisdiction. She claims that "[b]y announcing jurisdiction over Wickenkamp in her personal capacity rather than as a lawyer before the court, the court in effect added Wickenkamp as a necessary party under FRCP 19." (Filing No. 250, p. 3). She claims that as a party to the action, the court lacked subject matter jurisdiction over her because Ms. Wickenkamp was a citizen of Nebraska, and therefore diversity jurisdiction was lacking. She claims that at the time the judgment was entered, the court had no personal jurisdiction over her as a lawyer because she was not counsel of record and had been suspended from practice, and it had no personal jurisdiction over her individually because she was never served with process. (Filing No. 250). Ms. Wickenkamp cites no law in support of her arguments.

There are several defects in Ms. Wickenkamp's analysis. First, an attorney representing others is not a party to the lawsuit, and sanctioning an attorney personally for misconduct does not transform the attorney into a "party." An attorney retains a paramount responsibility to the client, not to his or her personal interests, even if the attorney has withdrawn from the case and was personally sanctioned by the court. Cunningham v. Hamilton County, Ohio, 527 U.S. 198, 206-207 (1999). Since Ms. Wickenkamp's jurisdictional arguments rest, in the first instance, on being deemed a "party" to the lawsuit, these arguments must fail.

Even assuming Ms. Wickenkamp became a "party" to the case and as a result, diversity was destroyed, she "confuses subject matter jurisdiction with the court's inherent power to engage in those judicial acts attendant to the presence of a live controversy before the court." Wojan v. General Motors Corp., 851 F.2d 969, 972 (7th Cir. 1988). "The existence in the federal courts of an inherent power necessary to the exercise of all others is firmly established" and "it includes the power to discipline attorneys appearing before the court." Harlan v. Lewis, 982 F.2d 1255, 1259 (8th Cir. 1993). The court has the inherent power to "impose monetary or other

sanctions appropriate 'for conduct which abuses the judicial process.' " Harlan, 982 F.2d at 1259 (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 45, 111 S.Ct. 2123, 2133 (1991)). See also, Plaintiffs' Baycol Steering Committee v. Bayer Corp., 419 F.3d 794, 802 (8th Cir. 2005).

A federal court must have jurisdiction over the subject matter and the parties to rule on the merits of a case. However, a judgment of sanctions "is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990). As such, and contrary to Ms. Wickenkamp's argument, courts have the inherent authority to impose sanctions for objectionable conduct even when they lack subject matter jurisdiction to adjudicate the merits of a case. Tropf v. Fidelity Nat. Title Ins. Co., 289 F.3d 929 (6th Cir. 2002); In re Knight, 207 F.3d 1115 (9th Cir. 2000); Schlaifer Nance & Co., Inc. v. Estate of Warhol, 194 F.3d 323 (2d Cir. 1999); Matos v. Richard A. Nellis, Inc., 101 F.3d 1193 (7th Cir. 1996). See also, Perkins v. General Motors Corp., 965 F.2d 597, 599 (8th Cir.1992) (holding sanctions are collateral to the merits and may be considered by the district court even when, due to appeal, it was divested of jurisdiction over the case itself).

Finally, as to her claim that personal jurisdiction was lacking, even if the court assumes Ms. Wickenkamp became a "party" to the case when a sanctions order was entered against her "personally," she has never raised this argument in the past. By voluntarily appearing in this case many times after the sanctions order was entered, she has waived any claim of insufficient or improper service of process. Photolab Corp. v. Simplex Specialty Co., 806 F.2d 807, 810 (8th Cir. 1986).

Ms. Wickenkamp has failed to show the sanctions judgment against her will be declared void on appeal.

2) <u>Irreparable Harm</u>.

Ms. Wickenkamp's claims of irreparable harm all rest on her unsupported conclusion that the sanctions judgment is void. Ms. Wickenkamp argues she will be irreparably harmed by:

1) collection of a void judgment in violation of my rights to due process and equal protection;

2) denial of my liberty interest in that the court continues to exercise jurisdiction over me based upon a void order in violation of [my] right to due process and equal protection;

3) infringement of my right to privacy, as guaranteed by the First Amendment to the U.S. Constitution, in that I am being forced to make disclosures of personal financial and medical information to which I have a protected liberty and privacy right; and

4) deprivation of [my] right to equal treatment as a matter of law.

(Filing No. 243, pp. 2-3). Ms. Wickenkamp claims a stay is the only remedy available to protect her rights.

Since Ms. Wickenkamp has failed to show any basis for concluding the sanctions judgment is void, she has likewise failed to prove her due process and equal protection rights will be violated if collection efforts are not stayed. As to her right of privacy, Ms. Wickenkamp asserts Cline Williams is not entitled to discovery regarding her medical and financial information. However, financial information is obviously relevant to collecting on a judgment and, since Ms. Wickenkamp claims she cannot pay the sanctions judgment due to medical problems, the nature and extent of her medical condition is also relevant.

Ms. Wickenkamp has failed to show that absent a stay, court processes and proceedings to collect the award of sanctions will violate her constitutional rights, thereby causing irreparable harm.

3) <u>Injury to Cline Williams</u>.

Ms. Wickenkamp has paid nothing on the sanctions judgment. Cline Williams initiated contempt proceedings nearly seven months ago, and through a series of filings, continuances, and excuses reminiscent of her previously sanctioned misconduct, Ms. Wickenkamp has yet to provide complete discovery responses in preparation for her deposition. Cline Williams theorizes she intends to delay its collection efforts until she can again file for bankruptcy in November 2011. Filing No. <u>249</u>. p. 5. Whatever her motivation, staying this case will further delay collection of the judgment by Cline Williams to its continued detriment.

4) <u>The Public Interest</u>.

Staying this case would permit Ms. Wickenkamp to further thwart legitimate efforts to enforce this court's judgments to the disservice of not only Cline Williams, but the reputation and respect of the court as a whole. This court and its judgments are entitled to respect.

Ms Wickenkamp has failed to show the proceedings in this forum should be stayed pending appellate review of the adverse ruling on her Rule 60(b) motion. Her motion to stay will be denied.

B. **Motion to Compel**.

In furtherance of its efforts to collect on the judgment, Cline Williams has served discovery to determine the extent and location of Ms. Wickenkamp's assets

since the sanctions order was entered in November of 2006. Ms. Wickenkamp has not fully responded to that discovery. With respect to many of the requests, she raised no objection, but answered only as to her current financial situation, providing no historical information to explain the extent, location, and disposition of assets she held in November 2006 and acquired thereafter. To some requests, she asserted the attorney-client privilege, but she has failed to make any valid showing that the privilege applies.

Cline Williams' discovery requests are relevant or could lead to the discovery of relevant information. Ms. Wickenkamp has failed to raise any valid objection to providing full and complete discovery responses. Cline Williams' motion to compel, (filing no. 197), will be granted.

C. **Motion for Leave to Serve Subpoenas**.

Cline Williams' written discovery included a request asking Ms. Wickenkamp to identify each and every bank account which she had the right to withdraw funds from at any time from the period spanning November 16, 2006. She named Security First Bank in Lincoln, Nebraska, which held her attorney trust account prior to her suspension, and American Bank in Victoria, Texas, which she recently opened. Filing No. 198-1, at CM/ECF p. 20.

Cline Williams now moves to subpoena records of Ms. Wickenkamp's accounts in Security First Bank in Lincoln, Nebraska, and American Bank in Victoria, Texas. (Filing No. 229). The information sought by subpoena is relevant or may lead to the discovery of relevant information. The motion for leave to serve subpoenas will be granted.

Accordingly,

IT IS ORDERED:

1) The motion to stay filed by Mary Wickenkamp, (filing no. 242), is denied.

2) The motion to compel filed by the Cline Williams law firm, (filing no. 197), is granted, and

   a. On or before January 20, 2011, Ms. Wickenkamp shall provide full and complete responses to the Interrogatories and Requests for Production of Documents served on her on June 5, 2010, copies of which are attached to Cline Williams' motion to compel;

   b. Ms. Wickenkamp shall verify, under oath, that her responses to the Interrogatories and Requests for Production of Documents are true and complete; and

   c. Ms. Wickenkamp shall sign the responses to Interrogatories and Requests for Production of Documents, and her signature shall be notarized.

3) The motion for leave to serve subpoenas filed by the Cline Williams law firm, (filing no. 229), is granted.

Dated this 5th day of January, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.